FILED'08 AUG 11 09:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIM D. LAWRENCE                                CV.06-6233-PK

                            Plaintiff,                    OPINION AND ORDER

v.

COMMISSIONER of Social Security,

                            Defendant.

PAPAK, Magistrate Judge:

      Plaintiff moves the Court for an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $ 14,047.75, or 25% of plaintiff's retroactive benefits. (#20). Defendant does not object to the motion. For the reasons set forth below, plaintiff's request should be granted in the sum of $ 14, 047.75.

## LEGAL STANDARD

      In an action for past due benefits under 42 U.S.C. § 406, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

Page 1 - OPINION AND ORDER

of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

## BACKGROUND

In September 2006, Plaintiff Kim Lawrence entered into a written contingent fee agreement with her counsel's law firm, which, in pertinent part, provided that plaintiff agreed that her attorney "shall charge and receive as a fee an amount equal to twenty-five percent (25%) of the past due benefits that are awarded" in the event she won her case. (Pl. Mem. in Support, #21, Ex. B.) On September 21, 2007, Plaintiff filed her initial complaint in this district court, seeking review of the Commissioner's decision denying her applications for disability benefits. (Complaint, # 1.) Her counsel sought and received one, sixteen-day, extension to file her opening brief. (Order, #7.) The Commissioner timely filed its brief in April 2007. (#10.) Plaintiff did not file a reply brief, and this Court issued its Finding and Recommendation on June 12, 2007, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Finding and Recommendation, #12.) Judge King adopted the Findings and Recommendation and, pursuant to a judgment entered June 29, 2007, reversed and remanded the Commissioner's decision for further proceedings (Order, # 15). An Order entered on July 26, 2007 (Order, # 19) awarded plaintiff $ 5,675.14 for attorney fees under the Equal Access to Justice Act, 28 USC § 2412(d) (EAJA), based on $ 161.85 per hour for attorney hours times

25.75 hours and $ 90 per hour for legal assistant hours times 16.75 hours (Stip. App. for Fees, #17). Subsequently, the Commissioner awarded past due benefits in the amount of $ 43,167.65. (Pl. Mem. in Support, #21, Ex. A.)

## DISCUSSION

A court's assessment of a § 406(b) fee application involves a number of relevant factors. These include "the character of the representation and the results . . . achieved[;]" delay by counsel; and the amount of the benefits "in comparison to the amount of time counsel spent on the case[.]" *Gisbrecht*, 535 U.S. at 808. A court may review the record of hours the lawyer spent representing the claimant and the lawyer's normal hourly billing rate as an aid to its assessment and to prevent windfalls to attorneys. *Id.*

The Court concludes that the fees sought by Plaintiff's counsel are reasonable within the meaning of 42 U.S.C. § 406(b) and *Gisbrecht*. Plaintiff's counsel declares that he spent 25.75 hours working on the merits of this action in this Court. (Pl. Mem. in Support, #21, Ex. B.) Such an amount of time is reasonable in light of the fact that it does not include the 16 hours his legal assistant spent reviewing and summarizing the medical records and transcript for the case. The effective hourly rate of $ 545.54 is reasonable considering the contingent nature of the representation and the experience of counsel. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Since *Gisbrecht* was handed down . . ., the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements.") (internal citations omitted). Moreover, this hourly rate is well within the range of approved rates. *See Ellick v. Barnhart*, 445 F. Supp.2d 1166, 1171 (C.D. Cal. 2006) (cataloging cases awarding

Page 3 - OPINION AND ORDER

hourly rates varying from $ 150.00 to $ 980.00).

## CONCLUSION

Petitioner's Motion for Attorney Fees (#20) and Defendant's Motion to Withdraw Response in Opposition to Motion (#26) are GRANTED. Plaintiff Kim Lawrence is hereby awarded $ 14,047.75 as full settlement of all claims for attorney fees pursuant to 42 U.S.C. § 406(b). Commissioner will deduct an administrative assessment pursuant to 42 U.S.C. § 406(d) and pay Plaintiff's counsel the balance. Mr. Johson shall reimburse Plaintiff in the amount of $ 5,675.14, previously paid by the Government under the EAJA. There are no other costs.

IT IS SO ORDERED.

Dated this 8th day of August, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge